No. 26-1173

**UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

UNITED STATES OF AMERICA, Appellee

v.

SUZANNE M. BROWN, Appellant

On Appeal from the United States District Court for the District of New Hampshire

in Case No. 1:16-cr-00021-JL, Judge Joseph Laplante

# APPELLANT'S MOTION FOR SUMMARY DISPOSITION: REVERSAL OF RECUSAL DENIAL AND REMAND TO A DIFFERENT DISTRICT JUDGE WITH INSTRUCTIONS FOR DE NOVO REVIEW, APPOINTED COUNSEL, AND EVIDENTIARY HEARING

---

**TABLE OF CONTENTS**


I. INTRODUCTION AND BASIS FOR SUMMARY DISPOSITION

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

III. JURISDICTION AND STANDARD OF REVIEW

IV. ARGUMENT

A. THE CONFIRMED EXTRAJUDICIAL COMMUNICATIONS REQUIRE RECUSAL

1. The September 25, 2021 Chambers Conference

2. The Post-Hearing Telephone Call to Defense Counsel

3. The Unilateral Inquiry of Trial Counsel

4. The Federal Public Defender Inquiry and Unanswered Question

5. The District Court's Legally Flawed Handling of These Allegations

B. THE RECUSAL ORDERS FABRICATED BROWN'S AFFIDAVIT THROUGH A THREE-STAGE DISTORTION

1. What Brown Actually Wrote

2. Stage One (2022): Unattributed Paraphrase

3. Stage Two (2026): The Fabricated Quotation Marks

4. Stage Three (2026): The Contradictory Defense

C. THE "FEW, IF ANY, LIMITS" FOOTNOTE CONVERTS A DISPUTED CHARACTERIZATION INTO A PERMANENTLY DEFERENCE-CARRYING CREDIBILITY FINDING

D. THE GOVERNMENT'S SILENCE IN APPEAL NO. 26-8010 LEAVES THE FABRICATION UNANSWERED

E. WILLIAMS V. PENNSYLVANIA REQUIRES REVERSAL BECAUSE THE DISTRICT COURT REFUSED TO ACT ON BRADY/NAPUE VIOLATIONS COMMITTED BY A PROSECUTOR WHO NOW SITS ON THIS COURT

F. THE COURT PRE-JUDGED THE REGULATORY TESTIMONY AND UNILATERALLY DEFENDED TRIAL COUNSEL WITHOUT EVIDENTIARY BASIS

G. AUSA ROMBEAU'S CONDUCT AT THE MARCH 13 HEARING IS A PATTERN FACT BEARING ON BOTH APPEALS

H. THE RECORD CONFIRMS WHY REASSIGNMENT AND MANDATORY INSTRUCTIONS ARE REQUIRED

V. RELIEF REQUESTED

**TABLE OF AUTHORITIES**

CASES

Aceituno v. United States, 132 F.4th 563 (1st Cir. 2025)

Anderson v. City of Bessemer City, 470 U.S. 564 (1985)

Aybar v. Crispin-Reyes, 118 F.3d 10 (1st Cir. 1997)

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949)

FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269 (1991)

In re Boston's Children First, 244 F.3d 164 (1st Cir. 2001)

In re Bulger, 710 F.3d 42 (1st Cir. 2013)

In re Martinez-Catala, 129 F.3d 213 (1st Cir. 1997)

In re Murchison, 349 U.S. 133 (1955)

Liteky v. United States, 510 U.S. 540 (1994)

O'Connor v. Oakhurst Dairy, 851 F.3d 69 (1st Cir. 2017)

Rompilla v. Beard, 545 U.S. 374 (2005)

Strickland v. Washington, 466 U.S. 668 (1984)

United States v. Brown, 945 F.3d 597 (1st Cir. 2019)

United States v. Davila-Felix, 667 F.3d 47 (1st Cir. 2011)

United States v. Kelley, 712 F.2d 884 (1st Cir. 1983)

United States v. Medoff, 159 F.4th 107 (1st Cir. 2025)

United States v. Pearce, 265 F.3d 22 (1st Cir. 2001)

Will v. Hallock, 546 U.S. 345 (2006)

Williams v. Pennsylvania, 579 U.S. 1 (2016)

**STATUTES AND RULES**

18 U.S.C. Sec. 1001

28 U.S.C. Sec. 144

28 U.S.C. Sec. 455(a)

28 U.S.C. Sec. 455(b)(1)

28 U.S.C. Sec. 1291

Canon 3(A)(4), Code of Conduct for United States Judges

Fed. R. App. P. 4(a)(2)

Fed. R. App. P. 27(d)(2)

L.R. 1 Cir. 27.0(c)

---

## I. INTRODUCTION AND BASIS FOR SUMMARY DISPOSITION

This appeal presents a recusal question with a single answer. An objective, fully informed observer who reviews this record would have no choice but to question whether Judge Laplante could adjudicate these proceedings impartially.

Summary disposition is appropriate under First Circuit Local Rule 27.0(c). The record is fully developed, and no briefing schedule has been entered. Every legal question resolves against affirmance. The questions are purely legal, resolve in one direction, and the interests of justice and judicial economy favor prompt resolution.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Suzanne Brown was convicted in January 2017 on 12 counts of making false statements to the USDA in violation of 18 U.S.C. Sec. 1001. The prosecution was handled at trial and on direct appeal by AUSA Seth Aframe. Brown's conviction was affirmed, United States v. Brown, 945 F.3d 597 (1st Cir. 2019). The district court denied her Sec. 2255 petition following a multi-day evidentiary hearing and the First Circuit denied a certificate of appealability.

Upon the statutory conclusion of her supervision, Brown then petitioned for a writ of error coram nobis. On January 23, 2026, the district court denied Brown's motion to disqualify Judge Laplante under 28 U.S.C. Secs. 144 and 455 [Doc. 202]. The court denied reconsideration on February 3, 2026 [Doc. 204]. On March 19, 2026, six days after oral argument, the district court denied coram nobis relief [Doc. 212]. This appeal concerns the January 23 and February 3 recusal denials.

## III. JURISDICTION AND STANDARD OF REVIEW

Appellant filed her notice of appeal on February 10, 2026, from the district court's recusal denial and reconsideration denial. The district court entered final judgment denying coram nobis relief on March 19, 2026. Under Federal Rule of Appellate Procedure 4(a)(2), a notice of appeal filed before entry of final judgment is treated as filed on the date of and after entry of judgment. FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 (1991). This Court therefore has jurisdiction under 28 U.S.C. Sec. 1291. Alternatively, the recusal orders are independently reviewable under the collateral order doctrine as structural-bias denials are effectively unreviewable after tainted factual findings have been made. Will v. Hallock, 546 U.S. 345, 349-50 (2006).

The denial of a recusal motion is ordinarily reviewed for abuse of discretion. United States v. Medoff, 159 F.4th 107, 122 (1st Cir. 2025). However, where the district court's ruling rests on a legal misclassification, treating extrajudicial sources as intrajudicial ones, the legal error is reviewed de novo. Id. Where it rests on an inaccurate account of a written document in the record, this Court corrects that error directly. United States v. Davila-Felix, 667 F.3d 47, 55 (1st Cir. 2011). Structural disqualification is a constitutional question subject to de novo review, and harmless error is inapplicable. Williams v. Pennsylvania, 579 U.S. 1, 14 (2016).

## IV. ARGUMENT

### A. THE CONFIRMED EXTRAJUDICIAL COMMUNICATIONS REQUIRE RECUSAL

The district court's Sec. 455(a) analysis deployed the intrajudicial-source rule of Liteky v. United States, 510 U.S. 540 (1994), as if all of Appellant's evidence arose from events in open court. That framing is legally wrong. Liteky holds that a bias challenge based on extrajudicial sources (sources "outside of judicial proceedings") does not require a showing of deep-seated antagonism; it requires only that the extrajudicial information provided a basis for doubting impartiality. The record contains four documented extrajudicial communications that the district court either refused to reach or dismissed using the wrong legal standard.

#### 1. The September 25, 2021 Chambers Conference

Before the September 25, 2021 habeas hearing, the district court called an unrecorded chambers conference to which Appellant was not admitted. Affidavit of Suzanne Brown, Doc. 38 (20-cv-170), paras. 29-37 ("2021 Affidavit"). Defense counsel Donna Brown emerged physically shaking and told Appellant the judge had severely chastised her for planning to put Appellant on the stand, tacitly

credited the prosecutor's false claims, and accused her of wasting court time. Id. An unrecorded chambers conference conducted without her permission outside the presence of the represented party, in which the court chastises counsel for pursuing a client-authorized strategy, is not an event "occurring in the course of the current proceedings." It is extrajudicial by definition.

2. The Post-Hearing Telephone Call to Defense Counsel

Some time after the hearing, the district court called defense counsel by telephone to "smooth things over" and to "make sure she understood his reasons for why he had been angry with her." 2021 Affidavit para. 50. This was a private, unrecorded, ex parte phone call between the presiding judge and one party's attorney, made to manage the aftermath of a contentious confrontation. It took place entirely outside the record and created an off-record channel of communication from which Appellant was excluded while her rights were being adjudicated.

3. The Unilateral Inquiry of Trial Counsel

At the February 12, 2021 hearing, while adjudicating whether trial counsel consulted an expert, the court stated: "frankly, I inquired about it, and the record is what it is at this point." (No. 20-cv-170, Doc. 19, Hr'g Tr. 51:16-18). In its 2022 recusal order, the court offered a hedged non-denial, stating its "best memory" was that it "did not acquire, through ex parte communications with the Federal Public Defender's office, personal knowledge of a disputed evidentiary fact." May 10, 2022 Order at 9-10. By its own account, the court undertook a unilateral verification of a hotly disputed merits issue outside the hearing record, without notifying the parties. That is the textbook definition of acquiring "personal knowledge of disputed evidentiary facts" under 28 U.S.C. Sec. 455(b)(1).

4. The Federal Public Defender Inquiry and Unanswered Question

On December 8, 2021, Appellant emailed First Assistant Federal Defender Jeff Levin asking if the court had contacted his office about her case. Levin replied: "I decline to respond to your inquiry", neither confirming nor denying. December 2025 Affidavit para. 4 (Doc. 198-1). The non-denial from the Federal Public Defender's office, taken in combination with the other documented contacts, is exactly the kind of circumstantial evidence that the Sec. 455(a) objective standard credits.

### 5. The District Court's Legally Flawed Handling of These Allegations

The January 23, 2026 recusal order addressed these allegations by invoking the principle that judicial rulings alone do not support recusal, characterizing the chamber conference and post-hearing phone call as intrajudicial events. Doc. 202 at 15-16. Both moves were legal error. Appellant is challenging off-the-record communications, not rulings. A private phone call to one party's attorney or an independent inquiry to a witness(es) is outside of judicial proceedings by definition. Liteky, 510 U.S. at 554-55. The court's refusal to hold an evidentiary hearing on these allegations denied Appellant the only means by which the truth could be adjudicated.

## B. THE RECUSAL ORDERS FABRICATED BROWN'S AFFIDAVIT THROUGH A THREE-STAGE DISTORTION

The progression of distortion across three judicial documents is the clearest proof of the bias Brown alleges.

### 1. What Brown Actually Wrote

At the February 12, 2021 hearing, after the court disclosed its private bilateral conversation with defense counsel and asked Brown if she wanted to proceed, Brown stated: "I have no reservations [about proceeding before this court], and I appreciate that you've been transparent about the whole thing, your

Honor." (No. 20-cv-170, Doc. 19, Hr'g Tr. 4:19-21). In her December 30, 2021 Sec. 144 affidavit, Brown explained this context under oath. Paragraph 66 states: "I told the Court I appreciated its transparency, by which I meant I knew exactly what the Court's agenda was, not that it was being fair or honest." Doc. 38-1 at 7, para. 66. This statement was a signal between client and counsel, calibrated to prevent the complete loss of appointed representation under structural coercion. Paragraph 43 of the same affidavit states: "During both hearings, the Court seemed to ask at least as many questions as the prosecutor did of the defense expert, Attorney Brown, and me." Doc. 38-1 at 5, para. 43.

2. Stage One (2022): Unattributed Paraphrase

In the May 10, 2022 first recusal denial, the district court wrote, without quotation marks or paragraph citations: "Petitioner now alleges that she misled the court with her answer and untruthfully told the court that she appreciated its transparency. She further claims that the court chastised her lawyer during oral argument by asking her more questions than it asked the prosecution." Doc. 45 at 11. The words "misled" and "untruthfully" appear nowhere in Brown's affidavit. The court converted an explanation of strategic constraint into a confession of courtroom deception.

3. Stage Two (2026): The Fabricated Quotation Marks

Four years later, the January 23, 2026 recusal order [Doc. 202] recycled this fabrication as established fact. It placed the invented words inside quotation marks and attributed them to Brown: "Brown represented to the court 'that she misled the court with her answer and untruthfully told the court that she appreciated its transparency' and also added that the court 'chastised her lawyer during oral argument by asking her more questions than it asked the prosecution.'" Doc. 202 at 14. The court manufactured a confession of perjury, attributed it to Brown in quotation marks, and cited it as the factual basis for dismissing her recusal argument. A court ruling on a Sec. 144 affidavit "may not pass upon the truth of the matters asserted." United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983).

4. Stage Three (2026): The Contradictory Defense

When Brown documented this discrepancy, the court's February 3, 2026 response offered a self-contradictory defense: (1) "the quotation marks demonstrate that the court is quoting its previous order, not a statement by Brown"; (2) "the syntax of the quote... is obviously not Brown speaking"; and (3) "the court paraphrased Brown's statements." Doc. 204 at 2. These propositions cannot simultaneously be true. The phrase "Brown represented to the court that she misled" dictates to a reader that Brown made a representation about herself. Across three orders spanning four years, the district court never once cited a single paragraph of Brown's actual sworn statement, because her statement says the opposite of what the court attributed.

C. THE "FEW, IF ANY, LIMITS" FOOTNOTE CONVERTS A DISPUTED CHARACTERIZATION INTO A PERMANENTLY DEFERENCE-CARRYING CREDIBILITY FINDING

When Brown pointed out the fabrication, the court's February 3 order responded in a footnote: "Brown appears to recognize few, if any, limits on the number, nature, and scope of her arguments and representations to the court." Doc. 204 at 3 n.6. That sentence tells every subsequent reader, and every appellate court applying Anderson deference, that Brown is a person who lies to courts. It was the court's direct response to Brown's exercise of her constitutional right to correct a judicial misattribution of her own sworn words.

This sequence: error, objection, punishment for objecting is exactly the kind of conduct that suggests a high degree of antagonism making fair judgment impossible. Liteky, 510 U.S. at 555. The practical effect is a closed loop: Brown's correction of an attribution error became the predicate for a credibility finding, which now defers away review of the correction, insulating the tainted factual findings made by the same judge in the final coram nobis denial.

## D. THE GOVERNMENT'S SILENCE IN APPEAL NO. 26-8010 LEAVES THE FABRICATION UNANSWERED

Brown filed interlocutory Appeal No. 26-8010 on February 10, 2026, presenting this exact three-stage misattribution. The Court issued a notice requiring any answer in opposition to be filed. The government filed no response. The United States Attorney's Office had full access to the district court docket, Brown's affidavit, and all three orders. In the ordinary adversarial process, silence in response to a documented factual challenge functions as a concession that the challenge cannot be answered on the merits.

An objective member of the public would ask: if a judge places words in quotation marks that a party never wrote, uses them to deny recusal, accuses the party of having "no limits" when she points out the discrepancy, and the government cannot even offer a defense of the fabrication on appeal—how does that judge's continued presiding not "reasonably be questioned" under Sec. 455(a)? The government's silence answers that question.

## E. WILLIAMS V. PENNSYLVANIA REQUIRES REVERSAL BECAUSE THE DISTRICT COURT REFUSED TO ACT ON BRADY/NAPUE VIOLATIONS COMMITTED BY A PROSECUTOR WHO NOW SITS ON THIS COURT

AUSA Seth Aframe personally prosecuted Brown at trial and argued her direct appeal. During that prosecution, AUSA Aframe suppressed an exculpatory letter from Senator Jeanne Shaheen (Brady violation) and subsequently exploited its absence during direct examination of Appellant and in closing arguments to falsely suggest to the jury that Brown was threatening to file a report to Congress as leverage, rather than having engaged in legitimate, documented constituent advocacy (Napue violation).

Aframe is now a sitting judge of this Court. He has formally recused himself from all of Brown's First Circuit proceedings.

Williams v. Pennsylvania holds that due process is violated when a judge who had significant personal involvement in a critical stage of a case as a prosecutor participates in adjudicating that case. 579 U.S. 1, 8-9 (2016). This structural violation necessarily infected the district court proceedings below. The district court was tasked with adjudicating severe constitutional misconduct claims directed against an active circuit judge who sits on the very court that reviews the district court's decisions.

The resulting taint is documented on the face of the transcript. Faced with the Brady and Napue claims against Aframe, the district court took no action to correct the constitutional violations. Instead, the district court actively immunized the former prosecutor's conduct without an evidentiary hearing, declaring on the record: "I don't care if it's a form letter. I don't care if it's a letter that said Suzanne Brown is innocent of this crime. I can't imagine why it would be prosecutorial misconduct..." (Dkt. 224, Hr'g Tr. 23:23-24:4).

A district judge who explicitly states he "does not care" if suppressed evidence proves a defendant's innocence, specifically when adjudicating misconduct claims against a sitting judge of his reviewing circuit, has abandoned neutral adjudication. The district court's absolute refusal to act on the Brady/Napue violations, coupled with Aframe's own formal recusal, confirms an unconstitutional structural conflict. The district court's adjudication of these claims without any structural protection equivalent to Aframe's own formal recusal cannot stand.

## F. THE COURT PRE-JUDGED THE REGULATORY TESTIMONY AND UNILATERALLY DEFENDED TRIAL COUNSEL WITHOUT EVIDENTIARY BASIS

At the March 13, 2026 hearing, the court asked Brown whether Anne Getchell (the USDA employee central to the conviction) testified as a Rule 702 expert. Brown answered accurately: "no, she was not like a Daubert expert." (Dkt. 224, Hr'g Tr. 32:16). Brown then added: "she was asked, did you read the regulations. She admitted that she had not." (Dkt. 224, Hr'g Tr. 33:10-11). The court confirmed Appellant's recollection of the line of questioning: "Yup. That's true." (Dkt. 224, Hr'g Tr. 33:8).

However, the March 19, 2026 denial order distorted this entirely: "At oral argument, Brown characterized the witness as an expert but then conceded that the witness was not qualified as an expert under Federal Rule of Evidence 702." Doc. 212 at 13, n.44. The denial order takes Brown's responsive answer to the court's question and frames it as a legal concession that defeats her Loper Bright argument, while completely omitting the court's own on-record confirmation that the government's primary witness had not even read the regulations she testified about.

Furthermore, the March 19 order found that Brown's Brady and IAC claims failed because "her counsel decided not to [pursue them] for strategic reasons." Doc. 212 at 10. Trial counsel did not testify, and no affidavit was submitted. At the hearing, the district court volunteered its own defense of Sec. 2255 habeas counsel Donna Brown: "That's not something that Donna Brown, okay, who is a pretty sharp attorney, thought was worth pursuing... She didn't even raise it." (Dkt. 224, Hr'g Tr. 26:20-22). Appointed counsel's unilateral decision to drop a claim does not constitute Brown's "failure to seek earlier relief." Penalizing Brown for her lawyers' successive failures, and labeling those failures "strategic" without a single word of testimony from either lawyer, substitutes the court's favorable view of counsel for the constitutionally required objective analysis under Strickland v. Washington, 466 U.S. 668 (1984).

## G. AUSA ROMBEAU'S CONDUCT AT THE MARCH 13 HEARING IS A PATTERN FACT BEARING ON BOTH APPEALS

At the March 13 hearing, Rombeau told the court that the Sec. 2255 petition "was appealed to the First Circuit and lost." (Dkt. 224, Hr'g Tr. 5:21-23). This is false. The First Circuit denied a certificate of appealability; it never reached the merits. Brown corrected this on the record. (Dkt. 224, Hr'g Tr. 6:25-7:4). Rombeau did not retract it, and the court adopted his framing. Rombeau then disclosed a pending OIG referral he had personally initiated against Brown without evidentiary predicate: "I, candidly, have made a referral to the USDA OIG raising the same question your Honor posed." (Dkt. 224, Hr'g Tr. 12:9-13). The judge accepted both statements without scrutiny. A judge who accepts one-directional prosecutorial misconduct without scrutiny cannot provide neutral review.

## H. THE RECORD CONFIRMS WHY REASSIGNMENT AND MANDATORY INSTRUCTIONS ARE REQUIRED

When a recusal denial is reversed, remand is ordinarily to a different judge. United States v. Pearce, 265 F.3d 22, 28 (1st Cir. 2001). The cumulative record: the confirmed ex parte contact; the qualified non-denial of off-record investigation; the inversion of the sworn affidavit; the retaliatory "no limits" characterization; the Getchell hearing-to-order reversal; the judicial defense of trial counsel without evidentiary basis; the Williams structural conflict; and the pattern of unchecked prosecutorial misconduct establishes that Judge Laplante cannot provide the neutral forum the Constitution requires.

And finally, a pro se litigant presenting claims of this complexity cannot obtain meaningful review without counsel. The repeated denial of appointed counsel for the coram nobis proceeding must be corrected on remand. Without it, any "de novo" review will be review in name only.

## V. RELIEF REQUESTED

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Grant summary disposition reversing the January 23, 2026 order denying recusal (Doc. 202) and the February 3, 2026 order denying reconsideration (Doc. 204);
2. Hold that the extrajudicial communications constitute an independently sufficient basis for recusal under 28 U.S.C. Sec. 455(a) and Sec. 455(b)(1), reviewable de novo under the extrajudicial-source rule of Liteky;
3. Hold that the structural conflict arising from Judge Aframe's current service as a judge of this Court constitutes structural error under Williams v. Pennsylvania;
4. Hold that the district court committed reversible error by attributing fabricated quotations to Appellant and issuing a retaliatory credibility finding;
5. Vacate the recusal denial, all related credibility findings, and all merits findings in the coram nobis denial (Doc. 212) that derive from the tainted record;
6. Remand to a different district judge with instructions to:
   a. Conduct de novo review of the coram nobis petition on a clean record;
   b. Appoint CJA counsel for Appellant;
   c. Hold an evidentiary hearing on the coram nobis claims and on the extrajudicial communication allegations; and
   d. Permit supplemental briefing in light of the clean record.

Respectfully submitted,

/s/ *Suzanne M. Brown*

Suzanne M. Brown

Pro Se Appellant

114 Lake Umbagog, P.O. Box 253

Errol, NH 03579

(603) 828-4860

greatnorthwoodsfarm@gmail.com

Dated: June 12, 2026

---

**CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains fewer than 5,200 words (3909), including the caption, table of contents, signature block, and certificates.

/s/ *Suzanne M. Brown*

Suzanne M. Brown

---

**CERTIFICATE OF SERVICE**

I certify that on June 12, 2026, I electronically filed the foregoing motion with the Clerk of the United States Court of Appeals for the First Circuit via CM/ECF, which will cause service upon all counsel of record.

/s/ *Suzanne M. Brown*

Suzanne M. Brown